J. A17044/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
              v.                       :
                                              :
ALEXANDER RODRIGUEZ,         :           No. 2886 EDA 2019
                                              :
            Appellant      :

Appeal from the PCRA Order Entered September 26, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0015048-2013

BEFORE:  BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       Filed: August 25, 2020

Alexander Rodriguez appeals ***pro se*** from the September 26, 2019

order, entered in the Court of Common Pleas of Philadelphia County,

dismissing his first petition filed pursuant to the Post Conviction Relief Act

("PCRA").[1]  We affirm.

The PCRA court set forth the procedural history as follows:

> On October 21, 2013, [appellant] was arrested and
> charged with murder and related offenses.  He was
> 16 years old at the time of the alleged incident and
> was tried as an adult.
>
> On September 11, 2014, [appellant] entered a
> negotiated guilty plea to third degree murder,
> burglary and a violation of . . . the Uniform Firearms
> Act (VUFA).  Prior to accepting the guilty plea, the
> court conducted a thorough on-the-record guilty plea
> colloquy.  In response to this court's questions,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[appellant] stated that he understood the nature and elements of his charges and the maximum possible sentence he could receive upon conviction. [Appellant] stated that he understood, pursuant to the terms of his negotiations with the Commonwealth, that he would receive a sentence of twenty-three (23) to sixty (60) years. He also stated that he understood all of his trial rights, and that he had fully discussed his case with trial counsel. [Appellant] stated that he was not being forced or threatened to plead guilty, and that he was making that choice of his own free will. A written guilty plea form was also executed by [appellant] and made part of the record. Finally, [appellant] agreed to the factual basis for his guilty plea, as outlined by the Commonwealth during the colloquy.

In accordance with the terms of the plea negotiations between [appellant] and the Commonwealth, [appellant] withdrew his decertification petition and the court imposed an aggregate sentence of twenty-three (23) to sixty (60) years in prison.

[Appellant] did not file post-sentence motions. Nor did he file an appeal. Instead, he filed the instant PCRA petition on February 21, 2019 and asked the court to proceed without counsel.

On June 25, 2019, the court conducted a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988) and found that [appellant]'s decision to waive his right to the assistance of PCRA counsel had been knowingly, voluntarily and intelligently made.

On September 26, 2019, the court conducted an evidentiary hearing. [Appellant] represented himself and presented no evidence to support his claims. Moreover, he did not present any evidence addressing his failure to timely file his PCRA petition. As a result, the court dismissed the PCRA petition as untimely filed. This timely *pro se* appeal followed.

PCRA court's Rule 1925(a) opinion, 10/29/19 at 1-2 (citations to notes of testimony and footnote omitted).[2]

When reviewing the propriety of an order denying PCRA relief, this court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super. 2014), ***appeal denied***, 95 A.3d 277 (Pa. 2014).

Furthermore, PCRA petitions "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our supreme court has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

---

[2] The certified record does not reflect that the PCRA court ordered appellant to file a Rule 1925(b) statement.

Here, appellant did not file post-sentence motions or a direct appeal. Our review of the record reflects that appellant's judgment of sentence became final on October 14, 2014.[3]  **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a).  Therefore, appellant's PCRA petition, filed May 7, 2019, is facially untimely.  As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are:  when the government has interfered with the appellant's ability to present the claim, when the appellant has newly discovered facts upon which his PCRA claim is predicated, or when either our supreme court or the Supreme Court of the United States has recognized a new constitutional right and made that right retroactive.  42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012).  The appellant bears the burden of pleading and proving the applicability of any exception.  42 Pa.C.S.A. § 9545(b)(1).  If an appellant fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition.  **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

---

[3] As October 11, 2014, fell on a Saturday, and Monday, October 13, 2014, was Columbus Day, appellant's judgment of sentence became final on October 14, 2014.  **See** 1 Pa.C.S.A. § 1908 (providing whenever the last day of a period of time referred to in a statute falls on Saturday, Sunday, or legal holiday, such day is omitted from computation).

As the PCRA court properly concluded in its opinion,

Here, [appellant] raised boilerplate claims of prosecutorial misconduct, judicial error and questioned the weight of the evidence. [Appellant], who knowingly waived his right to PCRA counsel and elected to represent himself, provided no facts or evidence to support his assertions. Moreover, none of the aforementioned claims invoked an exception to the time filing requirements of the PCRA. With regard to his governmental interference claim, [appellant] provided the court with no supporting details.

Next, [appellant] alleges that trial counsel was ineffective for failing to investigate his case or meet with him, and that trial counsel coerced him into pleading guilty. These ineffective assistance claims do not invoke any exception to the time filing requirements of the PCRA. [*See Commonwealth v. Crews*, 863 A.2d 498, 504 (Pa.Super. 2004).]

Finally, [appellant] claimed that this court imposed an illegal or disproportionate sentence.[4] This claim does not invoke any exception to the time filing requirements of the PCRA. Moreover, it is belied by the record. [Appellant] knowingly, voluntarily and intelligently tendered his negotiated guilty plea and he received the exact sentence that he had negotiated. The twenty-three (23) to sixty (60) year prison sentence was well within statutory limits and was not unduly harsh.

[Appellant] has failed to establish that any of the exceptions that excuse an untimely PCRA filing apply to his case. The instant PCRA petition is untimely.

---

[4] "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa.Super. 2007) (citations omitted), *appeal denied*, 944 A.2d 756 (Pa. 2008). Further, "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Id.* at 593 (citations omitted).

J. A17044/20

> Accordingly, [appellant] is not entitled to post-conviction relief.[5]

PCRA court's Rule 1925(a) opinion, 10/29/19 at 4-5 (citation to notes of testimony omitted).

Accordingly, we adopt the aforementioned conclusions of the PCRA court as our own for purposes of appellate review of the timeliness of appellant's PCRA petition.[6]

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/20

---

[5] In addition, 42 Pa.C.S.A. § 9545(b)(2) provides that any PCRA petition invoking a time exception must be filed within one year of the date the claim could have been presented. Appellant provided no evidence that he complied with this time limitation.

[6] We note that appellant's brief violates Pa.R.A.P. 2111(a)(4) and 2116(a) by failing to include a statement of the questions involved. However, as appellant's PCRA petition was properly dismissed as untimely, we need not address this defect.

Circulated 07/30/2020 05:44 PM

COMMONWEALTH             :          **CP-51-CR-15048-2013**

VS.                            :

                                   **SUPERIOR COURT**

ALEXANDER RODRIGUEZ     :          **NO. 2886 EDA 2019**

## OPINION

**By: The Honorable Benjamin Lerner, Sr. J.**

Petitioner Alexander Rodriguez has filed a *pro se* appeal of this court's order dismissing his petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 et seq.

## PROCEDURAL HISTORY

On October 21, 2013, petitioner was arrested and charged with murder and related offenses. He was 16 years old at the time of the alleged incident and was tried as an adult.

On September 11, 2014, petitioner entered a negotiated guilty plea to third degree murder, burglary and a violation of § 6106 of the Uniform Firearms Act (VUFA). Prior to accepting the guilty plea, the court conducted a thorough on-the-record guilty plea colloquy. In response to this court's questions, petitioner stated that he understood the nature and elements of his charges and the maximum possible sentence he could receive upon conviction. Petitioner stated that he understood, pursuant to the terms of his negotiations with the Commonwealth, that he would receive a sentence of twenty–three (23) to sixty (60) years. He also stated that he understood all of his trial rights, and that he had fully discussed his case with trial counsel. Petitioner stated that he was not being forced or threatened to plead guilty, and that he was making that choice of his own free will. (N.T., 9/11/14, pp. 5-14). A written guilty plea form was also executed by petitioner

1

Received

OCT 2 9 2019

Office of Judicial Records
Appeals/Post Trial

and made part of the record. (N.T., 9/11/14, p. 13). Finally, petitioner agreed to the factual basis for his guilty plea, as outlined by the Commonwealth during the colloquy. (N.T., 9/11/14, pp. 14-18).

In accordance with the terms of the plea negotiations between petitioner and the Commonwealth, petitioner withdrew his decertification petition and the court imposed an aggregate sentence of twenty-three (23) to sixty (60) years in prison[1].

Petitioner did not file post-sentence motions. Nor did he file an appeal. Instead, he filed the instant PCRA petition on February 21, 2019 and asked the court to proceed without counsel.

On June 25, 2019, the court conducted a hearing pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1988) and found that petitioner's decision to waive his right to the assistance of PCRA counsel had been knowingly, voluntarily and intelligently made.

On September 26, 2019, the court conducted an evidentiary hearing. Petitioner represented himself and presented no evidence to support his claims. Moreover, he did not present any evidence addressing his failure to timely file his PCRA petition. As a result, the court dismissed the PCRA petition as untimely filed. This timely *pro se* appeal followed.


## ISSUE(S)

Petitioner raised the following claims in his *pro se* PCRA petition:

1. Prosecutorial Misconduct;

---

[1] The court imposed consecutive prison terms of twenty (20) to forty (40) years on the murder bill and three (3) to twenty (20) years burglary bill and a concurrent prison term of 2 ½ to 5 years on the VUFA bill.

2. Judicial Error/Double Jeopardy;

3. Governmental interference;

4. Weight of the Evidence;

5. Ineffective assistance of counsel – layered ineffectiveness; and finally

6. Illegal/Disproportionate Sentence.

See petitioner's *pro se* PCRA petition, page 2.


## DISCUSSION

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner alleges and proves one of the statutory exceptions which excuses the late filing applies to his case. 42 Pa.C.S.A. §9545(b)(1). These exceptions are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §9545(b)(1)(i)-(iii).

A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.A. §9545(b)(3). The time restriction of the PCRA is jurisdictional. If a PCRA petition is untimely, the reviewing court has no jurisdiction

3

or legal authority to address the substantive claims therein. <u>Commonwealth v. Derrickson</u>, 923 A.2d 466, 468 (Pa. Super. 2007).

This PCRA petition is untimely. Petitioner's judgment of sentence became final on or about October 11, 2014 - the date on which his time to file an appeal in the Superior Court had elapsed. As a result, he had until October 11, 2015 to timely file a PCRA petition. Petitioner filed the instant petition on February 21, 2019 – almost three-and-a-half years after his judgment of sentence became final. Since the PCRA petition was not filed within one year of the date petitioner's judgment of sentence became final, petitioner is required to plead and prove that at least one of the exceptions to the time filing requirements of the PCRA apply for this court to entertain the underlying merits of his PCRA petition.

Here, petitioner raised boilerplate claims of prosecutorial misconduct, judicial error and questioned the weight of the evidence. Petitioner, who knowingly waived his right to PCRA counsel and elected to represent himself, provided no facts or evidence to support his assertions. Moreover, none of the aforementioned claims invoked an exception to the time filing requirements of the PCRA. With regard to his governmental interference claim, petitioner provided the court with no supporting details.

Next, petitioner alleges that trial counsel was ineffective for failing to investigate his case or meet with him, and that trial counsel coerced him into pleading guilty. These ineffective assistance claims do not invoke any exception to the time filing requirements of the PCRA.

Finally, petitioner claimed that this court imposed an illegal or disproportionate sentence. This claim does not invoke any exception to the time filing requirements of the PCRA. Moreover, it is belied by the record. Petitioner knowingly, voluntarily and intelligently tendered his

4

negotiated guilty plea and he received the exact sentence that he had negotiated. The twenty–three (23) to sixty (60) year prison sentence was well within statutory limits and was not unduly harsh. (N.T., 9/11/14).

Petitioner has failed to establish that any of the exceptions that excuse an untimely PCRA filing apply to his case. The instant PCRA petition is untimely. Accordingly, petitioner is not entitled to post-conviction relief.

DATE:                                    BY THE COURT:

October 28, 2019                         _Benjamin Lerner_
                                                Sr. J.

5